IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD J. DALTON,

    Plaintiff,

vs.                                                                                    1:16-cv-00273-LF

NANCY A. BERRYHILL,[1] Deputy Commissioner
for Operations of the Social Security Administration,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR
ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

THIS MATTER comes before the Court on plaintiff Ronald Dalton's request for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, filed on March 5, 2018. Doc. 32. The Commissioner filed her response to the motion on March 14, 2018. Doc. 33. Mr. Dalton did not file a reply. The parties consented to my entering a final judgment in this case. Doc. 18. Having reviewed the parties' submissions and being fully advised, I find that the amount of fees requested is excessive and unreasonable. I therefore grant the motion in part and deny the motion in part.

**I.    Background Facts**

Mr. Dalton filed a Title II application for disability insurance benefits and a Title XVI application for supplemental income benefits on April 5, 2013, alleging disability since March 1, 2013, due to "leg injury resulting from being struck by car on bicycle, hip problems, [and] back problems." AR 26, 107, 110, 119, 1360–65. Mr. Dalton's application for benefits was denied

---

[1] Nancy A. Berryhill, the Deputy Commissioner for Operations of the Social Security Administration, is automatically substituted for the former Acting Commissioner of the Social Security Administration, Carolyn W. Colvin, as the defendant in this suit. FED. R. CIV. P. 25(d).

initially and upon reconsideration, and he requested a hearing before an ALJ. AR 26–51, 54–64, 73. On August 4, 2015, ALJ Deborah Rose conducted a hearing, at which Mr. Dalton and Mary Diane Weber, a vocational expert, testified. AR 1366–97. The ALJ issued her unfavorable decision on December 7, 2015. AR 13–23. The Appeals Council denied Mr. Dalton's request for review on February 25, 2016. AR 5–7.

Mr. Dalton appealed the Commissioner's decision to this Court, raising eleven arguments on appeal. Doc. 20 at 1–2. The Court ultimately reversed the Commissioner's decision and remanded the case based on the ALJ's failure to appropriately weigh the conclusions of examining physicians, Drs. Rajesh and Krueger. Doc. 30.

Plaintiff now seeks attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). The Commissioner opposes the motion on the grounds that the fees requested are excessive and unreasonable. I agree that the fees requested are excessive and unreasonable, and therefore grant plaintiff's motion in part and deny it in part.

## II.     Standard of Review

EAJA provides for an award of attorney fees to a plaintiff when: (1) he or she is the prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). However, the fees should be "reasonable." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475 F.3d at 1168. Once the court determines that the government's position was not substantially justified, "then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008) (unpublished). Determining the reasonableness of the number of hours billed lies within the Court's discretion.

*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (interpreting attorney-fee request under 42 U.S.C. § 1988); *see also Jean*, 496 U.S. at 161 (explaining that once a litigant has established eligibility for fees under EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*"). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004). The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise "billing judgment" regarding the amount of hours actually billed. *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (citing *Hensley*, 461 U.S. at 437). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *Id*. The Court has a corresponding obligation to exclude hours "not reasonably expended" from the calculation. *Id.* "A district court should approach this reasonableness inquiry 'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983)).

**III.    Discussion**

Plaintiff requests $9,114.00 in fees for 55.2[2] hours of work.  Doc. 32.  The Commissioner does not dispute that plaintiff was the prevailing party, nor does she argue that the agency's position was substantially justified.  The Commissioner contends, however, that the fees requested are excessive and unreasonable.  I agree.

Courts have held the average hours required to fully brief a social security appeal in the Tenth Circuit generally range from 20 to 40 hours.  *See Medina v. Astrue*, 2010 WL 1254835, at *3 (D. Colo. Mar. 26, 2010) (internal citations omitted); *see also Muller v. Colvin*, 14-cv-0953 SMV, Doc. 29 at 2 (D.N.M. Jan. 27, 2016) (unpublished); *Wellman v. Colvin*, 13-cv-1122 KBM, Doc. 25 at 2 (D.N.M. June 15, 2015) (unpublished); *Villalobos v. Colvin*, 15-cv-0463 CG, Doc. 32 at 8 (D.N.M. July 12, 2016) (unpublished).  More hours may be justified where the administrative record is especially extensive or where novel or complex issues are presented.  *Wellman*, 13-cv-1122 KBM, Doc. 25 at 2.

Here, the hours incurred by counsel significantly exceed the average range of hours spent on similar cases.  There was nothing particularly unusual or complex about this case.  The arguments made were typical of Social Security disability appeals.  Although the record was longer than average—1,397 pages long, Doc. 14—plaintiff's counsel represented plaintiff at the administrative level as well as on appeal and should have been familiar with the facts and issues raised.  Accordingly, counsel's billing of 8.25 hours to review the administrative record and

---

[2] In her Declaration of Time for EAJA Application, plaintiff's attorney breaks her time down into time spent during 2016—37.95 hours, and time spent in 2017and 2018—17.25 hours.  Doc. 32 at 6–7.  The subtotal for 2017 and 2018 is an error; it should be 16.75, not 17.25, for a total of 54.7 hours.  *Id.*  The rate for EAJA fees was $193.00 per hour in 2016, and $197.00 per hour in 2017 and 2018, "as set by the Defendant."  *Id.* at 2.  Thus, the claimed fees would be $7,324.35 for 2016 and $3,299.75 for 2017/2018, for a total of $10,624.10.  (Plaintiff's counsel inexplicably added the subtotals incorrectly and came up with a grand total of $10,022.60.  *Id.* at 7.)  Plaintiff's counsel reduced her total fee by 15% to come to the $9,114.00 figure.  *Id.*

4

29.00 hours to draft the opening brief is excessive. Counsel's experience and skill should decrease the need for hours spent on cases in this area, which is highly repetitive. *Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1172 (D.N.M. 2005).

I have reviewed the recent motions for attorney's fees in cases I have decided with similar sized records and found that the requests ranged from 20.7 hours to 32.34 hours. *See Ortega v. Social Security Administration*, 1:15-cv-00862-LF, Doc. 33 (D.N.M. May, 9, 2017); *Saenz v. Social Security Administration*, 1:15-cv-01034-LF, Doc. 36 (D.N.M. June 30 2017); *Stanley v. Social Security Administration*, 1:15-cv-00834-LF, Doc. 32 (D.N.M. July 12, 2017). In all of the above cases, I ordered fees (based on stipulation) ranging from $3,933.00 to $6,950.00. The administrative records ranged from 1000 pages in *Saenz*, 1221 pages in *Ortega*, to 1180 pages in *Stanley*. The motion for remand in *Stanley* raised seven issues in 26 pages. 1:15-cv-00834-LF, Doc. 20. The motion for remand in *Saenz* raised four issues in 28 pages. 1:15-cv-01034-LF, Doc. 24. The motion for remand in *Ortega* raised three issues in 23 pages. 1:15-cv-00862-LF, Doc. 17.[3] In this case, plaintiff raised eleven issues in 27 pages, Doc. 21, and, as noted above, the record was 1,397 pages long. Compared to the other cases I have reviewed, plaintiff's claim for 15.2 (or, as correctly calculated, 14.7) hours of work above the high end of the average for this district seems excessive. Even with the 15% reduction, the claim for attorney's fees is excessive.

Because I find that 55.2 (or 54.7) hours for the work performed is excessive, I will reduce the hours to 35, which is near the high end of the average time necessary to brief a social security appeal in this district. Plaintiff has not sustained her burden of establishing that this case warranted 15.2 (or 14.7) hours more work than the high end of the average case. The hours

---

[3] Mr. Ortega's case was voluntarily remanded after plaintiff filed his opening brief. *See* 1:15-cv-00862-LF, Docs. 20, 21.

5

incurred in 2016 are reduced from 37.95 to 23.25.  At $193 per hour, the fee for 2016 equals $4,487.25.  The hours incurred in 2017 and 2018 are reduced from 16.75 to 11.75.  At $197 per hour, the fee for 2017/2018 equals $2,314.75.  Thus, the total award for attorney's fees is $6,802.00.

IT IS THEREFORE ORDERED that plaintiff Ronald Dalton's motion for EAJA fees (Doc. 32) is GRANTED IN PART and DENIED IN PART.  Plaintiff is awarded $6,802.00 in attorney's fees pursuant to 28 U.S.C. § 2412(d).  *See Astrue v. Ratliff*, 560 U.S. 586, 591–93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

IT IS FURTHER ORDERED THAT, if plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, plaintiff's counsel shall refund the smaller award to plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent